Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, New York  12572
(845) 876-7500
ncharny@charnyandassociates.com

Attorneys for Plaintiff Jennifer A. McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFFER A. MCMAHON, on behalf of herself and those similarly situated, | |
| Plaintiff, | COMPLAINT |
| vs. | Civil Action No. _____ |
| ORANGE COUNTY, ORANGE COUNTY NEW YORK DEPARTMENT OF HEALTH and ORANGE COUNTY NEW YORK OFFICE OF THE MEDICAL EXAMINER, | |
| Defendants. | |

Plaintiff Jennifer A. McMahon, by and through undersigned counsel, brings this

Complaint and states as follows.

<u>NATURE OF THE ACTION</u>

1.    This is an action brought for unpaid overtime under the Fair Labor Standards Act

(FLSA) and unpaid overtime, untimely payment of wages and violations of notice requirements

under New York Labor Law (NYLL).

1

JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA and by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

3.      This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

PARTIES

5.      Plaintiff Jennifer A. McMahon (herein "Plaintiff") is a former employee of Defendants and resides in New York State.

6.      Defendant Orange County is a political subdivision of the government of the State of New York located within the Southern District of New York.

7.      Defendant Orange County New York Department of Health is a political subdivision of the government of the State of New York located within the Southern District of New York.

8.      Defendant Orange County New York Office of the Medical Examiner is a political subdivision of the government of the State of New York located within the Southern District of New York.

9.      At all times relevant to this Complaint, Defendant Orange County, Defendant Orange County New York Department of Health and Defendant Orange County New York

Office of the Medical Examiner (collectively "Defendants") were joint employers of Plaintiff

within the meaning of 29 U.S.C. § 203(d) and comprised an enterprise engaged in commerce as

defined in 29 U.S.C. §§ 203(r) and 203(s).

<u>FACTS</u>

10.    Plaintiff began employment with Defendants in January 2008.

11.    Plaintiff's employment with Defendants terminated in June 2016.

12.    For all times relevant to this Complaint Plaintiff was paid two hourly rates

depending on which of two services she provided, to wit, one hourly rate for services as an

Investigator and one hourly rate for services as a Child Fatality Review Specialist.

13.    In order to secure payment, Plaintiff submitted time sheets breaking out her time

by the hour under each such rate of pay.

14.    Plaintiff worked at least fifty-five (55) hours each week.

15.    Plaintiff would sometimes work as many as seventy (70) hours each week.

16.    Plaintiff was classified by Defendants as an independent contractor and as such

was not paid any additional compensation for hours worked in excess of forty in a week.

17.    For all times relevant to this Complaint there are approximately twenty (20)

individuals performing services as Investigators who have been subject to the same independent

contractor designation; who have work at least fifty-five (55) hours and up to seventy (70) hours

in a week; and who have not been paid any additional compensation for the hours worked in

excess of forty (40) in a given week.

18.     Upon information and belief, Defendants currently have at least three persons converted from independent contractors to employees for fear of continued overtime violations based on the misclassification.

19.     For all times relevant to this Complaint, Defendants had complete control over Plaintiff and those similarly situated, to wit, Defendants controlled Plaintiff's and those similarly situated's:  (i) schedule; (ii) the obligation to check-in with the Chief Medical Examiner before beginning work on an assignment; (iii) the Chief Medical Examiner had disciplinary authority, such as suspension and demotion; and (iv) the Chief Medical Examiner scheduled mandatory all-staff meetings to which Investigators were obligated to attend.

20.     For all times relevant to this Complaint, Plaintiff's and those similarly situated's performance of services for Defendants provided no opportunity of any sort for profit or loss nor did Plaintiff or any of those similarly situated have any opportunity of any sort to invest in the Defendants' business.

21.     For all times relevant to this Complaint, Plaintiff and those similarly situated provided services which constituted the most integral part of Defendants' business, which is to investigate sudden, unexpected, and unnatural fatalities in Defendant Orange County in order to ensure accurate cause and manner of death certification.

22.     For all times relevant to this Complaint, Plaintiff and those similarly situated depended entirely upon the Defendants for the opportunity to render service and Plaintiff and those similarly situated are in no manner in business for themselves.

4

23.     For all times relevant to this Complaint, Defendants exercised near complete control over Plaintiff's and those similarly situated's results produced and the means used to achieve the results.

24.     For all times relevant to this Complaint, Plaintiff and those similarly situated could not work at their own convenience.  Instead, Defendants controlled the work schedules.

25.     For all times relevant to this Complaint, Plaintiff and those similarly situated were obligated to be available on a twenty-four-hour basis and as such were not free to engage in other employment.

26.     For all times relevant to this Complaint, Plaintiff and those similarly situated were on a fixed schedule as set by Defendants.

27.     For all times relevant to this Complaint, Plaintiff and those similarly situated all shared the following characteristics of employment by Defendants:

(i)     They worked from desks within Defendants' offices;

(ii)    They used Defendants' phone number and had their own assigned extensions;

(iii)   They had intra-office mailboxes with Defendants' offices;

(iv)    They had business cards issued by Defendants identifying them as agents in all regards of Defendants;

(v)     They had County-issued email addresses;

(vi)    They used County supplies, including office supplies and investigative equipment;

(vii)   They were issued and wear County-issued uniforms; and

(viii)    They were and are obligated to attend mandatory staff meetings.

28.    Plaintiff and those similarly situated routinely and regularly worked in excess of

forty hours in a week.

29.    Plaintiff and those similarly situated were not paid any additional compensation

for hours worked in excess of forty in a given week.

<u>CLASS AND COLLECTIVE ACTION ALLEGATIONS</u>

30.    For purposes of the FLSA collective action, the Class is defined as:

> All Senior Investigators and Investigators performing services for
> the Defendants who were classified as independent contractors for
> the period beginning three years from the date of this Complaint.

31.    For purposes of the Rule 23 class action, the Class is defined as:

> All Senior Investigators and Investigators performing services for
> the Defendants who were classified as independent contractors for
> the period beginning six years from the date of this Complaint.

32.    Excluded from the Class are Defendants' legal representatives, officers, directors,

assigns, and successors, or any individual who has, or who at any time during the class period

has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any

member of the Judges' immediate family; and all persons who will submit timely and otherwise

proper requests for exclusion from the Class.

33.    The precise number of individuals in the Class is known only to Defendants.  Upon

information and belief, the Class includes at least twenty (20) individuals.

34.    Joinder of all Class members is impracticable.

35.    There are questions of law and fact common to the Class that predominate over

any questions solely affecting individual members of the Class, including but not limited to:

6

i.      whether Defendants have misclassified the Class as independent

contractors;

ii.      whether Defendants failed to pay the Class overtime as required by the the

Fair Labor Standards Act and New York Labor Law;

iii.      the nature and extent of each Class-wide injury and the appropriate

measure of damages for each member of the Class;

iv.      whether Defendants' policy of failing to pay overtime was instituted

willfully or with reckless disregard of the law;

v.      whether Defendants violated the NYLL wage and hour laws by failing to

keep records of the hours the members of the Class worked; and

vi.      whether Defendants violated the NYLL wage and hour laws by failing to

providing the required written wage notice and written paystub information.

36.      Plaintiff's claims are typical of the claims of the Class.  The failure of Defendants

to comply with the NYLL served to deprive all Class members of the protection of these laws.

Plaintiff and the Class work or have worked for Defendants and have been subjected to their

policy and pattern or practice of failing to pay wages required by the NYLL.

37.      Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff

recognizes that as a class representative, he must represent and consider the interests of the Class

just as she would represent and consider his own interests.  She understands that in decisions

regarding the conduct of the litigation and its possible settlement, he must not favor his own

interests over those of the Class.  She recognizes that any resolution of a class action lawsuit,

including any settlement or dismissal thereof, must be in the best interests of the Class.  Plaintiff

7

understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

38.    Plaintiffs' counsel are experienced in conducting class actions in federal courts. Plaintiffs' counsel are prepared to advance costs necessary to litigate this matter zealously, including the costs of Class notice.

39.    The common claims of Plaintiff and the Class predominate over any claims affecting individual Class members.

40.    Plaintiff's interests in the claims are in no way antagonistic or adverse to those of other class members.

41.    A class action under Rule 23 of the Federal Rules of Civil Procedure is superior to other available methods of adjudicating the claims because, inter alia:

42.    Common issues of law and fact, as well as the relatively small claim of each Class member, substantially diminishes the interest of members of the Class in individually controlling the prosecution of separate actions;

43.    Many of the Class members are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistance; and

44.    A class action can be managed without undue difficulty since Defendants have regularly committed the violations complained of herein and were required to maintain detailed records concerning each member of the Class.

8

<u>FIRST CAUSE OF ACTION</u>
(FLSA Collective Action)
Fair Labor Standards Act
Unpaid Overtime

45.     Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth herein.

46.     Defendants failed to pay Plaintiff and those similarly situated overtime and timely wages as required by the Fair Labor Standards Act, 29 U.S.C. §201 <u>et seq</u>. and its implementing regulations.

47.     Defendants' failure to pay the required overtime wages was willful within the meaning of 29 U.S.C. §255 in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

48.     Defendants' failure to comply with the FLSA caused Plaintiff and those similarly situated to suffer loss of wages.

<u>SECOND CAUSE OF ACTION</u>
(Rule 23 Class Action)
New York Labor Law
Unpaid Overtime and Wage Statement Violations

49.     Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if set forth herein.

50.     Defendants failed to pay Plaintiff and those similarly situated overtime wages and timely overtime wages in violation of NYLL and its implementing regulations.

51.     Defendants' failure to pay the required wages as set forth herein was willful within the meaning of NYLL.

52.     Defendants failed to provide Plaintiff and those similarly situated with the

required annual wage statements and paystub information required by the NYLL.

53.     Defendants' failure to comply with New York wage and hour protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

54.     By Defendants' failure to furnish Plaintiff and those similarly situated with statements and notices as required under New York Labor, Plaintiff is entitled to recover damages under New York Labor Law.

WHEREFORE, Plaintiffs request that this Court enter an Order:

(i)      Certifying this matter as a Collective Action under FLSA;

(ii)     Certifying this matter as a Class Action under Rule 23;

(iii)    Granting judgment to Plaintiff and opt-in Collective Action members on FLSA overtime claim and awarding unpaid overtime and statutory liquidated damages;

(iv)     Granting judgment to Plaintiff and the putative Class on the New York Labor Law claims and awarding unpaid overtime and damages for inadequate pay statements and notices, as well as all other damages allowed under New York law;

(v)      Awarding Plaintiff and the putative Class Members pre-judgment and post-judgment interest as permitted by law;

(vi)     Awarding the Plaintiff and the putative class members and opt-in collective action members costs and attorneys' fees; and

(vii)    Granting such further relief as the Court finds just.

Dated:  Rhinebeck, New York
        August 10, 2016


_____
Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, New York 12572
(845) 876-7500
ncharny@charnyandassociates.com

Attorneys for Plaintiff Jennifer A. McMahon


11